and Ms. Christensen will begin with you. Thank you. Thank you, Your Honor. May it please the court. Counsel. Good morning, Your Honors. My name is Joanna Christensen and I represent the appellant, Lavelle Hatley, in this case.   Thank you. Thank you. Thank you. Thank you. Thank you. Once again, we are faced with the Armed Criminal Act, the categorical approach, and Hobbs Act robbery. We're in agreement to a certain point in this case. We're in agreement as to the statutes, as to the categorical approach. We agree that Hobbs Act, in general, is divisible between robbery and extortion. And that's where our paths diverge here. The question is, is what do we do with Hobbs Act robbery? If the district court's analysis is correct, it's an either-or. That Hobbs Act robbery can be either a use of force under the force clause of the Armed Criminal Act, or it's extortion under the enumerated clause. The problem with that analysis and the way the district court did it, is that would require another divisibility step that the court did not undertake. between those two offenses within Hobbs Act robbery. It's nonsensical, but often the categorical approach leads us down a maybe nonsensical, non-common-sense point of view. But if you look at the statute, it is not divisible, the robbery portion of the statute, between robbery with use of force against a person and extortion with use of force against property. And looking at that, the first step would be to look at any Supreme Court cases that have interpreted this. Of course, we don't have that. The second step is to look at the text of the statute, and I think that that's enough here, to look at how, under Supreme Court precedent, those elements are worded. And the elements are use of force against person or property. There's no divisibility there. There's no different element for person and property. So under Mathis, it would be those are the means, and the element is the use of force. And we can't divide between means to look at what the defendant, which kind of offense the defendant has been convicted of. If, in fact, it is divisible, we have a separate problem then. Well, I should go back, and another step we can look at is the jury instructions. This court has pattern jury instructions regarding the Hobbs Act robbery, Hobbs Act in general. Confusingly, they're called extortion non-robbery and extortion robbery. I have been racking my brain as to why that might be that way, but that I don't know. But what we do look at are the elements, and again, you see that same structure. The use of force is the element. Person or property are means and cannot be split into two. Then, again, if it can be split, we have a different problem, because if it's split between person and property, the use of force against, then we have to look at whether it qualifies under one of the two unper criminal, and the extortion just does not qualify. It is not generic extortion. By the time we get to the enumerated clause, generic extortion is what we look at. Hobbs Act has generic extortion. It's in subsection B2. It's not in subsection B1. So this either-or argument, I'm specifically thinking about the Raines case from the Sixth Circuit. I don't think the Raines case uses that phrase either-or, but it sounds like it's the same analysis, and that court rejected it, correct? Correct. I think the either-or might be an analysis the district court named itself. I was not able to find that necessarily in those phraseology, but Raines would be the closest, I think, that we can find to cases like this one. I have not found a case that evaluated whether Hobbs Act robbery was a violent felony under the Armed Career Criminal Act. Raines is the closest we get. It's not Hobbs Act, but it's extortion and extension of credit, which is also a federal crime. And basically the court said, no, we can't do this. We can't make this analysis work. And that leads me to a relatively new case from the Supreme Court, which is Taylor, the 2022 Taylor case dealing with attempted Hobbs Act robbery. And, of course, the recidivist statute is different. That's 924C rather than 924E. But the majority in Taylor talks about some of the government's arguments regarding whether the defendant has to show that there are examples that don't fall within the statute and rejects that argument. That's, for one thing, very difficult for a defense attorney to do, is to look at all possible prosecution of Hobbs Act. But perhaps more importantly for our case is that the government's cases rely on primarily interpretation of state robbery statutes. We have some federalism concerns, as Taylor indicated, when we're evaluating a state statute compared to a federal statute. In this case, in Mr. Hatley's case, we have two federal statutes, and those concerns are not necessarily there. And finally, the idea that there's another extortion in the robbery statute is a resurrection of the residual clause. And the way the government is trying to cover cases that are like extortion essentially is the way the Supreme Court had interpreted the residual clause before it invalidated that clause in Johnson. Begay is probably the best example of that. They looked at DUIs to see if they were like the enumerated offenses. And that's essentially what we're coming down to here, is whether these offenses are like extortion when extortion is not induced consent but against the will. Ms. Christensen, I hear you on the either-or that way. But when you read 1951B, what I want to try to do is have a discussion without using the language that ties us in knots. Divisible, indivisible. Let's try not to use it. I follow what you're saying, but it gets difficult. But we know when we read 1951B that a robbery can be committed against property, as counterintuitive as maybe that seems to some. We know it can't. So doesn't the question from there become, well, okay, in that world where somebody does that, does it constitute a crime of violence within the meaning of 924E? Isn't that the next logical step? That certainly is one of the steps, but you have to fall into the two 924E definitions. But would you agree that once we recognize that a robbery can be committed against property, just by the terms of the statute, okay, well then we have to go to 924E because that's the whole reason we have an appeal here. He's challenging a sentence as an armed career criminal. So when we get into 924E and we see the two clauses there, we see in that enumerated offenses, we see extortion pop up again. It kind of rears its head. You think, well, this is odd because we're coming from a statute that also picks up extortion. But we're not in the first statute. We're in 924E now that way. Okay. And why then don't we, why is it not at that point in time attractive to conclude, oh, a crime, the crime of robbery against property could well fit within extortion for 924E purposes, however that's defined. And we sit there and we read 924E and we don't find a definition. So we have to go to the generic definition. Yes. Why isn't that the proper, the right way to think about this? That is certainly one way to think about this without doing the divisibility. But the problem is then the generic definition of extortion is not the same as what's in the robbery statute because the robbery specifically is the use of force to overcome someone's will. Right. I'm glad you said that. So here's the difficulty that I have with that. Once we have that initial fork in the road of recognizing that 1951 criminalizes both extortion and robbery, and we say, well, Mr. Hatley was convicted of robbery, so let's analyze whether Hobbs Act robbery is a crime of violence for ACCA purposes, right? Right. Okay. Once we go down that fork in the road, why would we ever return to the definition of extortion in 1951? Why don't we go over to 924E to B and just stay there for the remainder of the analysis? And certainly, I'm with you, we are staying there for the remainder of the analysis. And that analysis requires us to ask, it's an enumerated offense. Right. But not defined, right? But not defined in 924E. Right. So then we look to see what the generic offense of extortion is, and the Supreme Court has told us that it is induced consent rather than against the will. From Shidler? Yes, from Shidler, which happens, and perhaps I'm going to muddy the waters, which happens to be the Hobbs Act extortion also. Okay, keep the bookmark on that. Keep going, though. I'm with you so far. So when we go to the enumerated clause and we look at extortion, we match whether the crime of conviction we're looking at, which is Hobbs Act robbery but this against property, with the generic. And they don't match because they have the different elements. One is taking property against someone's will and taking property with induced consent. Okay, good. Do you think that that is the only point of disagreement between you and Mr. Holler right there at that more granular level of particularity? It may be. It may boil down to that. I mean, he may think we have many other contentions here, but in essence it comes down to if we get to the enumerated clause with extortion, then it does come down to that element. Okay. That seems, that, I don't know, this whole area is a mess, as we know. But that seems to me to be a point from the briefing of disagreement between the parties. Panel's got to resolve it. That seems more productive because it seems where you're joining issue and not so much on this is robbery itself indivisible business that way because I think you can commit robbery two ways, against a person or property, and you don't need divisibility or indivisibility analysis to determine that. You can just read the statute and see that. Well, I think if you're going to take apart the statute in the way that we are, saying we're only going to look at whether use of force against property qualifies under the Armed Career Criminal Act. The question is what are we doing then with the use of force against person? Where does that fall? You just have to separately analyze whether if that's the way you commit a robbery, whether you've committed a crime of violence. Right. My understanding of the categorical approach, which may in fact be wrong, I don't think there's always a right or wrong answer, is that when you make those divisions or separations within a statute, you have to do the divisibility analysis in order to get there. And that's kind of my jumping off point. And I think that you're articulating probably what Mr. Haller is going to say is that essentially we make this without doing the divisibility and it fits into extortion. I, of course, am arguing that it does not fit into extortion. And I see that I'm well into my rebuttal. So unless the court has questions, I will reserve the rest of my time for rebuttal. Very good. Thank you, Ms. Christensen. Mr. Haller will recognize you. Good morning, Your Honors, and may it please the court. The government submits that Hobbs Act robbery is a violent felony. Judge Scudder, I do think that the crux of the dispute between the parties is about that ultimate question that you asked, whether consent induced by the wrongful use of force, fear, or threats means the same thing as against the will. Lefebvre says it does. The Fifth Circuit says it does. The Ninth Circuit says it does. The Tenth Circuit says it does. The Sixth Circuit says it doesn't. And this court is just going to have to weigh in, I guess, on that split. I guess before I get into that, I would step back for a moment and just my understanding of the categorical approach, and I think this is set forth in Taylor as well as in Descamps, is the goal is to get the statute whittled down to the point where everything is in or not everything is in. So that's what we have to do. In this instance, the statute is 18 U.S.C. 1951a, is the substantive crime that includes both robbery and extortion. And the courts have said the statute is divisible between robbery and extortion. So it makes no difference if Hobbs Act extortion, the crime that we're not actually dealing with here, counts or doesn't count. I guess the way I would analyze it is if you had a statute that said the burglary is an offense to burglarize a home and apartment or a mobile trailer, we wouldn't get down and say, well, we're going to divide up between is it a home, is it an apartment? Because all those things qualify. So we no longer need to worry about dividing it up. If it also includes a boat, which the Supreme Court says doesn't count, then we have to decide whether this is an element or a means and all those things. And if a boat's an element, then we're good and we use the modified categorical approach to figure out, did this guy burglarize a boat? If they're means, we're done. We lose. That's how I analyze the statute. So the way I analyze this particular statute, and I think this is ultimately the way the district court tried to interpret the statute, and maybe it's either or language is a little confusing, and maybe this court shouldn't use that language. But ultimately, the statute is divisible between Hobbs Act robbery, B-1, Hobbs Act extortion, B-2. And the question, therefore, is, is everything in B-1 count? And that's really, then, the analysis that this court did in Bridges. The court said, okay, there's these certain things that count under the elements clause, but there's also property. And property doesn't count under the statutory definition, or I guess you'd say the guidelines definition of extortion. And the guidelines narrowed extortion because they thought generic extortion was too broad. And the guidelines, in fact, did that in the context of the Ninth Circuit's decision in Bessarol-Lopez and the Tenth Circuit's decisions in Castillo and Duran, and the Fifth Circuit's decision in Montiel-Cortez that let in extortion and things that were broader that they didn't think should count. And arguably, they excluded too much and excluded even more than they intended to, but that's for the Sentencing Commission to decide. So here we don't use that definition. So Bridges was based on the narrow definition of extortion in the guidelines. Here we have the broad, generic definition of extortion. And as Lefebvre says, taking with consent wrongfully induced by force is taking against the will. As Montiel-Cortez said, it is consent, but it's consent only in the narrowest sense. And I think where this ultimately comes from, and Lefebvre looks at this and Stoeckling, the Supreme Court's decision on robbery, looks at this, is a common law, robbery meant overcoming resistance. So if I had my money in my hand and you peeled my fingers back and pried it out of my hands, you committed robbery. But if you pointed a gun at me and you said, give me your money or I'm going to shoot you or give me your money or I'm going to peel back your fingers, and I said, you know what, I don't want to be shot and I don't want my fingers peeled back, here you go. I have, in the narrowest sense, as Montiel-Cortez says, consented. I have agreed that I am going to give you the money. Why did I consent? I consented by consent wrongfully induced by force. So at the narrow common law stage, robbery was a narrow offense, and the courts, as they did at common law, came up with ways around things that they thought were unjust, and so they created a new offense called extortion. And that included threats of property by force, and eventually that came to include other things. And Nardello, I think, explains some of this. Because the courts were doing this and because the statutes were doing this, some states and some judges called it extortion and some called it coercion and some called it threats and some called it blackmail. And in fact, some courts, I think it was Kansas, called it robbery. They just called it an extension of robbery. And lo and behold, now there are some state statutes, like California, like Nevada, like Oklahoma, that still do it that way. And the monopenal code came along and said, this is all really confusing and we don't think it makes any sense and we're going to go change that. But, of course, the Hobbs Act was enacted in the 1940s. The monopenal code didn't come along until the 1960s. So we're still dealing with this sort of old statute. But the generic definition of extortion includes consent wrongfully induced by force. There's enough force here, and so it qualifies. Taking property against a person's will by means of actual threatened force, violence, or fear of injury, immediate or future, is enough to count. And I think that that's where the courts are, and I think that that's correct. I mean, as far as the Reins decision goes, Reins itself even acknowledges that it probably didn't even need to reach this issue because it could have gone off on Shidler grounds and said that in the extortionate extension of credit context, it was broader in another material aspect. But it wasn't dealing with a robbery offense. And when one actually does deal with a robbery offense, all the courts that have actually dealt with robbery offenses have come out this way. The only argument I've really seen in my opponent's brief as to why the court should treat federal robbery different from California, Oklahoma, and Nevada robbery is because, well, here we have a definition of extortion. And California also has a definition of extortion. I'll grant you it's not right next to it in the code the way it is in the federal definition. You're referring to the definition in 1951? Well, yeah. Her argument is that because there's this other extortion that we can't treat robbery as a subset of extortion. But the definition of extortion, Hobbs Act extortion, is broader. It's any kind of coercion, not just that caused by force or violence. Force or violence is, of course, what we deal with here. So Hobbs Act robbery is dealing with force or violence. Hobbs Act extortion is dealing with, you know, Nardello is talking about more of a blackmail, a threat to expose someone's secrets kind of case. Ocasio is a Hobbs Act extortion case. That's about bribery, so non-economic harm. There's a Seventh Circuit case that I cite to in my brief that sort of talks about all of these broader things that don't involve violence. And so it's not like if you adopt the government's definition of Hobbs Act robbery that you're, like, subsuming extortion within it. There's all these other things that are only going to count under B-2. And what I was specifically referring to, though, Judge Scudero is my opponent, says, well, you know, you could distinguish Pesaro-Lopez because in California they don't have extortion. Well, they do. They have an extortion statute in California. They have an extortion statute in Oklahoma. They have extortion. I mean, and yet, again and again, the Fifth, the Ninth, and the Tenth Circuit interpreting those state statutes have said, but this definition of robbery in California, Nevada, and Oklahoma that essentially mirrors the definition here, that includes extortion. And threats against property, threats based on fear of damage to property, of injury to property, those all count as extortion. They don't count under the Elements Clause in the Armed Career Criminal Act because the Armed Career Criminal Act's definition excludes force against property, but they do count under extortion. So for all those reasons, I mean, this is a complicated area of the law, but already we know Hobbs Act robbery counts under 924C. We know it doesn't count under the guidelines, and the government submits it does count under the Armed Career Criminal Act. I'm happy to talk about the Almendarez-Torres issue if the court is interested. We believe that the easiest way to resolve that issue is essentially on plain error grounds, even if Wooden overrules this court's decision in Elliott or overrules Almendarez-Torres or casts Almendarez-Torres into such doubt that the court has doubts about it. This case could be decided essentially the way the Williams case was decided in the rehaif context. If the government was supposed to prove to a jury beyond a reasonable doubt that these offenses occurred on different occasions, the jury surely would have found that here. And of course, there are cases where they are close cases, such as Wooden itself, I mean, a bunch of storage units, or this court's old decision in Hudspeth. If we were up here on Hudspeth, I wouldn't be making this sort of plain error argument. But here we have a defendant who committed a robbery in 2010, went to court, got put on probation, committed eight more robberies, at different locations, went to jail, assaulted a jail officer. However broadly you wanted to find an episode or an occasion under the Wooden test, it's not going to include that. There's no reason any jury, if a jury is supposed to find this, would ever find that. And therefore, under Williams, where this issue wasn't raised below on plain error, there's no reason to think that Mr. Hatley would have done anything other than plead guilty. I'm happy to answer any other further questions from the court. Otherwise, we would ask that the judgment be affirmed. Thank you, Mr. Holler. We'll now move back to Ms. Christensen for rebuttal argument. Thank you, Your Honors. When I think of categorical approach, I hear the Supreme Court saying, elements, elements, elements. And that's where we're going with this extortion. The elements have to be a categorical match. And if they're not, it does not qualify as a predicate offense. I also think the government's analysis does collapse the Hobbs Act robbery into one essential crime, which then alleviates congressional intent as to why there's a separate Hobbs Act extortion. All states have extortion, as far as I'm aware, but they don't have it in the exact same statute that we're interpreting here. So I think that when we look at the elements, it's absolutely not a match. And Reins recognized this. I mean, there's a reason we use different words. There's a reason that Congress uses different words. And briefly, when I have a few seconds left, the government's arguing essentially that statutes are broad. And yes, criminal statutes are broad, so they do encompass all of this behavior to get in people who commit crimes. But when we look at recidivist statutes, that is a narrow inquiry and has to be a narrow inquiry to avoid Sixth Amendment implications. That's why we have the categorical approach in the first place. So, yes, the statutes are broad, but when we analyze them with a recidivist statute, it has to be a narrow analysis. And finally, I will address the wooden issue. I think in this case, I don't have a great argument that this would not be harmless for Mr. Hatley. This issue is being litigated quite a bit in the district courts, and I think the benefit of this court reaching the issue in this case would be to provide some direction in those cases, particularly given the government's consent, which my understanding is is a DOJ policy now. So I would ask that if the court does not agree with me on the Armed Carrier Criminal Act, that you do reach the Almendez-Dorans issue and make some rulings. Post-wooden. Post-wooden, yes. Yes. Unless there are further questions. Thank you, Ms. Christensen. Thank you, Mr. Holler. The case will be taken into revision.